IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Hutto #276637,<br><br>Plaintiff,<br><br>v.<br><br>Warden Duncan, Warden Andrews, Lt. Harrison,<br><br>Defendants. | C/A No. 4:26-cv-01868-JFA-TER<br><br><br><br>**ORDER** |

## I. INTRODUCTION

Stephen Hutto, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After performing an initial review of the Complaint, the Magistrate Judge assigned to this action notified Plaintiff of pleading deficiencies in his Complaint. (ECF No. 7). Plaintiff timely filed an Amended Complaint. (ECF No. 10). Thereafter, the Magistrate Judge conducted a review of the Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal for failure to state a claim upon which relief can be granted as Plaintiff's request for relief is unavailable and the Court does not issue advisory opinions. *Id.* at 2–3. The Report sets forth, in detail, the relevant facts

and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff timely filed objections to the Report. (ECF No. 16). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing the filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 13). The Report recommends that this matter be summarily dismissed because Plaintiff failed to state a claim upon which relief can be granted. *Id.* In so recommending, the Magistrate Judge relies on the fact that Plaintiff's Amended Complaint makes no allegations as to two of Defendants, requests no available relief from the Court, and rather appears to request that an unnamed person be "charged with assault." (ECF No. 13, pp. 3–4).

In response to the Report, Plaintiff made a two-page filing in which he states:"I object to the order that I received and would like for this case to be really looked into." (ECF No. 16). Plaintiff further states that "when asked what I'm seeking in the lawsuit? A maximum cap of what I can receive for cruel and unusual punishment. … I would like to receive a cap of $250,000 dollars." (ECF No. 16). Plaintiff further states: "'Summary Dismissal'? How is it possible the staff recorded my injuries yet nobody gets charged?" *Id.*

To the extent Plaintiff's filing can be considered a specific objection, it is overruled. Plaintiff for the first time indicates that he is seeking monetary damages. However, he fails to explain the basis for this claim. Rather, Plaintiff's objection mirrors his Amended Complaint. He objects to the summary dismissal of his case because no one has been charged for assaulting him despite him recording his injuries with medical. Plaintiff, as "a private citizen, lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Smith v. McCarthy*, 349 Fed. Appx. 851, 859 (4th Cir. 2009) (because plaintiffs in a § 1983 action had no right to a criminal investigation or prosecution of another, plaintiffs had failed to allege a violation of a clearly established statutory or constitutional right); *Riley v. Patterson*, No. 9:07-2655-HFF-GCK, 2007 WL 2471203 at * 2 (D. S.C. 2007) (collecting cases and finding plaintiff failed to state a § 1983 claim when alleging constitutional rights were violated by lack of criminal prosecution of another). Accordingly, the Report correctly concluded that Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 13). For the reasons discussed above and in the Report, this matter is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 17, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge